# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.<br><br>    Plaintiff,<br><br>v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01706-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF No. 19] |

    Plaintiff Christopher Lipsey, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's second amended complaint, filed May 21, 2018.

## I.
## SCREENING REQUIREMENT

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally

1

participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Warden Dave Davey, Lieutenant A. Randolph, Captain Gallagher, Secretary of California Department of Corrections and Rehabilitation (CDCR) S. Kernan, Officer A. Bueno, and Law Librarian S. Parks, as Defendants.

On September 25, 2017, Plaintiff asked the Sergeant to go to the law library to complete an in forma pauperis (IFP) certification to file a government claim. When Plaintiff asked S. Parks for the certification of his trust account balance, she refused and informed him that officers were going to extract him from the holding cell in the law library. Lieutenant A. Randolph arrived a few minutes later and told Plaintiff that he was leaving. When Plaintiff asked why, Randolph stated, "because I'm suspending you for 30 days." When Plaintiff said he was going to inform the Captain, Randolph stated, "I was going to only suspend you for 30 days now I'll make sure I'm the one who hears Officer Bueno's write up then suspend you for 90 more days." A. Bueno issued a rules violation report (RVR) for failure to follow a direct order and he was suspended from the law library from September 26, 2017 to October 26, 2017. On October 23, 2017, Lieutenant A. Randolph found Plaintiff guilty of the rules violation report and Plaintiff was suspended from the law library from October 23, 2017 to

January 21, 2018. A. Randolph through threats tried to prevent Plaintiff from notifying Captain Gallagher by putting Plaintiff on library restriction unjustly for 120 days.

A. Randolph and A. Bueno falsely claimed that Plaintiff did not hand A. Bueno a folder as instructed. S. Parks claimed that she gave Plaintiff legal books which had to be returned before leaving the law library. Plaintiff was found guilty of failure to follow a direct order and lost good-time credits as a result. Plaintiff did not receive due process pursuant to Wolff v. McDonnell.

Captain Gallagher, Warden D. Davey, and CDCR Secretary S. Kernan, implemented a policy of using force for inmates who are in a holding cell, Title 15 of the California Code of Regulations, section 3268(a)(23). Section 3268, subdivision (b) states "[i]t is the policy of the Department of Corrections and Rehabilitation (CDCR) to accomplish the departmental functions with minimal reliance on the use of force. Employees may use reasonable force as required in the performance of their duties, but unnecessary or excessive force shall not be used." Cal. Code Regs. tit. 15, § 3268(b). Section 3268, subdivision (c) states, in part, "use of force options include but are not limited to: (1) chemical agents." Cal. Code Regs. tit. 15, § 3268(c). Plaintiff contends this policy allowed S. Parks and A. Bueno to conspire against Plaintiff.

When inmates or their family order books from a vendor, A. Bueno receives and hands them out to the inmates. A. Bueno failed to give Plaintiff his Federal Rules of Civil Procedure (FRCP) book and because Plaintiff was restricted from the law library, he did not know why, when and/or how to properly appeal multiple judgments in the United States District Court Northern District of California to the Ninth Circuit Court of Appeals, case number 17-15762, Christopher Lipsey v. E. McCumsy, (N.D. Cal. No. C-15-03479 VC (PR). Plaintiff properly appealed the grant of Defendants' motion for summary judgment; however, he did not know his motion to alter the judgment needed to be appealed separately after a final judgment on that motion.

Plaintiff was preparing a state habeas corpus petition and a permission to file a second and successive habeas corpus petition in federal court after he obtained affidavits from the only three witnesses against him, which were allegedly no provided to or lost by S. Parks. The affidavits are from the victim Mr. Brown, his wife and his friend Mr. Favors. The sworn statements indicated that the Newton Division Police Department Officers (and lead investigators) Mr. Bellow and Mr. Leikam

3

threatened the victim and his wife Mrs. Blaylock that they would call child protective services and have their kids taken from her for possessing heroin. In addition, they would tell everyone that she was a confidential informant (in an unrelated case) if she didn't claim Mr. Brown called her immediately after he was shot by Plaintiff and said Mr. Brown told her he was short by a four trey (the gang they claimed Plaintiff did the shooting to benefit). The affidavits also contained statements by Mr. Brown (the victim) swearing that the shooting was not gang related but instead was over a girl both were involved in a relationship with. The affidavits combined with Plaintiff's trial transcripts collaborated the truthfulness. Mr. Favors also stated that during Plaintiff's trial the district attorney was going to have him testify until he found out he was going to tell the truth. Without these legal documents, Plaintiff lost the opportunity to file a non-frivolous or arguable underlying claim. Only nominal, compensatory and punitive damages can compensate Plaintiff because he does not have these documents and cannot obtain them again.

### III.

### DISCUSSION

**A.     Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations in the second amended complaint, Plaintiff states a cognizable retaliation claim against Defendant A. Randolph.

///

///

**B.     California's Bane Act Claim**

Plaintiff alleges a claim for relief under section 52.1 of the California Civil Code, known as the Bane Act, which authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by coercion." Jones, 17 Cal.4th at 334; accord Venegas v. Cnty. of Los Angeles, 32 Cal.4th 820, 843 (Cal. 2004); Austin B. v. Escondido Union Sch. Dist., 57 Cal.Rptr.3d 454, 471-72 (Cal. Ct. App. 2007); McCue v. South Fork Union Elementary Sch., 766 F.Supp.2d 1003, 1010-11 (E.D. Cal. 2011) (defining threats and finding complaint failed to state section 52.1 claim); Fenters v. Yosemite Chevron, 761 F.Supp.2d 957, 996-98 (E.D. Cal. 2010) (discussing definition of threats, intimidation, and coercion within meaning of section 52.1). The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. Austin B., 57 Cal.Rptr.3d at 472 (quotation marks omitted).

Based on Plaintiff's allegations in the second amended complaint, Plaintiff states a cognizable claim against Defendant A. Randolph under the California Bane Act.

**C.     Due Process Violation**

Plaintiff contends that he was found guilty of a false rules violation report for failure to obey a direct order and assessed a forfeiture of good-time credits, among other things.

The issuance of a false charges does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson

v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)).

However, Plaintiff may not be deprived of a protected liberty interest without the protections he is due under federal law. With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. Id. (quotation marks omitted).

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 830 F.3d 922, 928-29 (9th Cir. 2016) (en banc) (citing Muhammad, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929; see also Pratt v. Hedrick, No. C 13-4557 SI (pr), 2015 WL 3880383, at *3 (N.D. Cal. June 23, 2015) (section 1983 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

Because Plaintiff lost good-time credits as a result of the rules violation report, his claim is barred by Heck, unless and until the disciplinary action has been reversed, expunged or declared invalid, as such credit loss impacts the duration of his confinement. Accordingly, Plaintiff cannot proceed with a due process challenge to the RVR disciplinary hearing.

**D.     Conspiracy**

Plaintiff purports to bring a claim under 42 U.S.C. § 1985(3).

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). Moreover, a plaintiff cannot state a conspiracy claim under section 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. See Caldeira v. Cnty of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").

Plaintiff fails to state a cognizable conspiracy claim. Plaintiff presents only conclusory allegations that Defendants A. Randolph, A. Bueno and S. Parks conspired to violate his rights which is nothing more than a "formulaic recitation of the elements of a cause of action," and is not sufficient to state a claim. Twombly, 550 U.S. at 555. Plaintiff fails to set forth a specific, as opposed to an assumed, agreement to deprive him of his rights, the scope of the conspiracy, what each Defendant's specific role in the conspiracy was, etc. Plaintiff presents nothing more than mere speculation. Accordingly, Plaintiff fails to state a cognizable conspiracy claim.

**E.    Access to Courts Claim**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354. (quotation and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355. (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14, overruled on other grounds, Hust

v. Phillips, 555 U.S. 1150 (2009)). In addition, the Constitutional right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. Lewis, 518 U.S. at 354-55.

Plaintiff fails to state a cognizable denial of access to the courts claim. With regard to case number 17-15762, Christopher Lipsey v. E. McCumsy, (N.D. Cal. No. C-15-03479 VC (PR), Plaintiff has not and cannot show actual injury. Although Plaintiff claims that he was denied access to the Federal Rules of Civil Procedure handbook and did not know that he was required to file a separate appeal as to the ruling on the motion to alter the judgment, the docket in case number 17-15762 demonstrates otherwise.[1] In the Ninth Circuit's April 20, 2017, order, it specifically stated, "[t]o appeal the district court's ruling on the post-judgment motion, [Plaintiff] must file an amended notice of appeal within the time prescribed by Federal Rule of Appellate Procedure 4." (17-15762, Doc. No. 2.) Plaintiff never appealed the post-judgment ruling as directed by the Ninth Circuit. In fact, on November 27, 2017, Plaintiff wrote a letter to the Ninth Circuit specifically stating that the post-judgment motion was denied by the district court on November 8, 2017, and he was ready to proceed with the action. (Id., Doc. No. 6.) Thus, Plaintiff cannot show actual prejudice given the Ninth Circuit's explicit instruction.

With regard to the filing of a habeas corpus petition, Plaintiff fails to identify the specific non-frivolous and meritorious claim he wished to present in the alleged habeas corpus petition. Although Plaintiff claims that S. Parks deprived him of documents consisting of affidavits by the three witnesses in his underlying conviction, Plaintiff fails to set forth how and/or why these affidavits support a non-frivolous or arguable claim. Christopher v. Harbury, 536 U.S. at 416 ("[L]ike any other element of an access claim[,] … the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.") Second, Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

---

[1] This Court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 N.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

9

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted). The Court also stated in Heck, however, that "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487. Although the Ninth Circuit Court of Appeals has not addressed the issue whether an access to the courts claim alleging the plaintiff was prevented from presenting filing a habeas corpus petition challenging the underlying conviction is barred by Heck. However, the Seventh Circuit and several district courts in the Ninth Circuit, including this Court, have held that until an inmate's conviction or sentence has been overturned, he cannot bring a claim for damages for denial of access to documentation to aid him in challenging his conviction or sentence. Burd v. Sessler, 702 F.3d 429, 434-35 (7th Cir. 2012); Hoard v. Reddy, 175 F.3d 531, 533-34 (7th Cir. 1999); Koch v. Jester, No. 6:12-CV-00613-BR, 2014 WL 3783961, at *5 (D. Or. July 13, 2014); Powell v. Barron, No. 1:15-cv-00089-AWI-SAB (PC), (E.D. Cal. June 16, 2017) ("The Ninth Circuit has permitted § 1983 challenges relating to alleged constitutional violations surrounding criminal convictions only when such challenges are completely divorced from the validity of the conviction. A § 1983 claim that at all implies the invalidity of the underlying conviction, sentence, or duration of confinement is barred unless the conviction has been vacated."); Delarm v. Growe, No. 2:15-cv-2258 KJM KJN P, 2016 WL 1722382, at *2-3 (E.D. Cal. Apr. 29, 2016); Gregory v. County of San Diego, No. 13-cv-1016 WQH JMA, 2013 WL 5670928, at *5 (S.D. Cal. Oct. 15, 2013); Collins v. Corr. Corp. of Am., No. 3:10-cv-0697 RCJ V, 2011 WL 768709, at *2 (D. Nev. Jan. 26, 2011); Cole v. Sisto, Civ. No. S-09-0364 KJM P, 2009 WL 2330795, at *4 (E.D. Cal. July 24, 2009). Based on the reasoning set forth by the Seventh Circuit and district court cases cited above, Plaintiff's claim for damages based on the denial of access to the courts to file a habeas corpus petition challenging his conviction for attempted murder is barred by Heck unless or until the conviction has been invalidated.

Plaintiff's conviction has not been invalidated. Accordingly, Plaintiff fails to state a cognizable denial of access to the courts claim.

### F. Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim against Defendants Captain Gallagher, Warden D. Davey, and CDCR Secretary S. Kernan, based on implementation of the use of force policy. Plaintiff fails to set forth facts showing how the policy is deficient or that it was the moving force behind the alleged constitutional violations by Defendants A. Bueno and S. Parks. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Captain Gallagher, Warden D. Davey, and CDCR Secretary S. Kernan.

## IV

## CONCLUSION AND RECOMMENDATIONS

For the reasons stated herein, Plaintiff states a cognizable retaliation and California Bane Act claim against Defendant A. Randolph. However, Plaintiff fails to state any other cognizable claims for relief. Plaintiff was previously notified of the deficiencies as to these claims, and based on the allegations in the present complaint, as well as Plaintiff's previous complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under § 1983,

and further amendment would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation and California Bane Act claims against Defendant A. Randolph; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief; and

3. The matter be referred back to the undersigned for initiation of service of process on Defendant A. Randolph.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 22, 2018**

UNITED STATES MAGISTRATE JUDGE