UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.<br><br>   Plaintiff,<br><br> v.<br><br>D. DAVEY, et al.,<br><br>   Defendants. | Case No.: 1:17-cv-01706-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT RANDOLPH'S MOTION TO DISMISS STATE LAW CLAIM<br><br>[ECF No. 28] |

Plaintiff Christopher Lipsey, Jr. is appearing pro se and in form pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Randolph's motion to dismiss Plaintiff's California Bane Act claim, filed October 19, 2018.

**I.**

**PROCEDURAL HISTORY**

This action is proceeding against Defendant A. Randolph for retaliation and violation of the California Bane Act.

As previously stated, on October 19, 2018, Defendant filed a motion to dismiss Plaintiff's California Bane Act claim for failure to comply with the Government Claims Act. (ECF No. 28.) Plaintiff filed an opposition on November 9, 2018, and Defendant filed a reply on November 16, 2018.

1

(ECF Nos. 30, 31.) Accordingly, Defendant's motion to dismiss is deemed submitted for review, without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

A motion to dismiss, based on res judicata grounds, is properly made under Federal Rule of Civil Procedure 12(b)(1). Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 763 (9th Cir. 2007). However, the court applies California law on claim preclusion to cases brought in federal court under 42 U.S.C. § 1983. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**III.**

**DISCUSSION**

**A.     Allegations of Complaint**

On September 25, 2017, Plaintiff asked the sergeant to go to the law library to complete an in forma pauperis certification to file a government claim. When Plaintiff asked S. Parks for the certification of his trust account balance, she refused and informed him that officers were going to escort him out of the library. Lieutenant A. Randolph arrived a few minutes later and told Plaintiff he was leaving. When Plaintiff asked why, Randolph stated "because I'm suspending you for 30 days." When Plaintiff said he was going to inform the captain, Randolph stated, "I was going to only suspend you for 309 days now I'll make sure I'm the one to hear Bueno's write up then suspend you for 90 more days." Plaintiff asked A. Bueno why he was receiving a write up and she did not respond.

A. Bueno issued a rules violation report for failure to follow a direct order and he was suspended from the law library from September 26, 2017 to October 26, 2017. On October 23, 2017, lieutenant A. Randolph found Plaintiff guilty of the rules violation report and Plaintiff was suspended from the law library from October 23, 2017 to January 21, 2018.

A. Randolph through threats tried to prevent Plaintiff from notifying the caption, Gallagher by putting Plaintiff on library restriction unjustly for 120 days.

**B.     Request for Judicial Notice**

Defendant requests the Court to take judicial notice of California Government Claim Number 17010061. (ECF No. 29, Req. for Judicial Notice [RJN], Ex. A.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v.

Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

Because the Court may take judicial notice of public records, including duly recorded documents under Rule 201(b)(2), Defendant's request to take judicial notice of Exhibit A is granted.[1]

### C. Motion to Dismiss

Defendant argues that Plaintiff failed to timely comply with the California Government Claims Act and therefore is barred from asserting this claim.

In opposition, Plaintiff argues that (1) the actual date of his claim was March 7, 2018, after he exhausted his appeal; (2) the second set of documents filed with the Government Claims Board were a new claim and improperly combined with his original claim; and (3) Defendant improperly submitted affidavits in support of his motion to dismiss.

In response, Defendant argues that the incident giving rise to Plaintiff's government claim occurred on September 25, 2017, and the amended claim submission would have been deemed untimely if considered a separate claim.

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a

---

[1] Plaintiff's argument that the request for judicial notice is based on an impermissible affidavit, is without merit. As stated above, Defendant's request for judicial notice is based on a matter of public record, i.e., Plaintiff's Government Board Claim Number 17010061.

[2] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

A cause of action against a public employee for injury resulting from an act or omission in the scope of employment is barred if an action against the employing public entity would have been barred because of the plaintiff's failure to present a written claim or failure to commence the action within the time specified in Government Code section 945.6. Cal. Gov. Code § 950.2.

Once rejected, the suit must be commenced within six months "after the date such notice is personally delivered or deposited in the mail." Cal. Gov. Code § 945.6, subd. (a)(1). "The plain meaning of section 945.6, subdivision (a)(1), is that the statute of limitations therein begins to run when the written rejection notice is deposited in the mail to the claimant, or is personally delivered, but not when it is delivered by the postal employee after having been deposited in the mail pursuant to section 913." Edington v. County of San Diego, 118 Cal.App.3d 39, 46 (1981). Even substantial compliance with this requirement does not excuse the late filing of the government claim. Hunter v. Los Angeles County, 262 Cal.App.2d 820, 822 (1968). The six-month statute of limitations cannot be extended by any provision outside of the Act. Martell v. Antelope Valley Hosp. Medical Center, 67 Cal.App.4th 978, 982 (1998) (emphasis added). Compliance with the claims statutes is mandatory. Farrell v. County of Placer, 23 Cal.2d 624, 630 (1944).

In his second amended complaint, Plaintiff contends that he was suspended from the law library for 120 days and that his Government Claim was denied because he did not provide his trust account documents. (Sec. Am. Compl. at 4, ECF No. 19.)

Based on the allegations set forth in Plaintiff's second amended complaint, the incident giving rise to his California Bane Act claim occurred on September 25, 2017. (Sec. Am. Compl. at 4.) Plaintiff's argument that his claim did not accrue until the administrative exhaustion procedure was complete, is without merit. "Plaintiff's obligation to exhaust the administrative remedies available to prisoners . . . is independent of the obligation to comply with the Government Claims Act." Parthemore v. Col., 221 Cal.App.4th 1372, 1376 (Cal. Ct. App. 2013); see also Martinez v. Tilton, No. 1:10-cv-01501-SKO PC, 2013 WL 5670869, at *3 (E.D. Cal. 2013) ("the prisoner' inmate appeals

process and the Government Claims Act process are separate processes and there is no support for a finding that the allegedly improper cancellation of Plaintiff's inmate appeal had any effect whatsoever on his ability to timely present his Government Claims Act claim."). Therefore, Plaintiff had six months after September 25, 2017, in which to file and complete his government claim.

Plaintiff submitted a Government Claim Form for claim number 17010061E on or about October 6, 2017. (RJN, Ex. A at 16-19.) Plaintiff alleges that on September 25, 2017, he was given permission to attend the law library. (Id. at 17.) However, shortly after he arrived, he was told to go back to his cell. (Id.) S. Parks informed him that approximately five officers would be arriving to escort him out. (Id.) Plaintiff submitted to the restraints and was permitted to return to his cell without incident. (Id.) Plaintiff argues that he should not have been on law library suspension because he "hasn't been found guilty yet." (Id.) Plaintiff does not mention Defendant Randolph on the Claim Form, nor does he indicate that he was prevented from obtaining a trust account statement or a fee waiver request to file with his claim. (Id.) Indeed, the Claim does not include a request for a fee waiver or any supporting documents. (Id. at 16-19.)

On October 13, 2017, the Government Claims Program sent Plaintiff a letter indicating that he failed to submit the $25 filing fee or the required Fee Waiver Request and certified trust account statement. (RJN, Ex. A at 5.) Plaintiff was also informed of the necessary time requirements to complete his claim. (Id.) Contrary to Plaintiff's argument, he had the ability to submit his trust statement to the Board within the requisite six months as he submitted a trust statement in this Court on February 2, 2018. (ECF No. 9.) However, Plaintiff did not submit the fee waiver or trust account statement until September 11, 2018. (RJN, Ex. A at 6-13.) Plaintiff also submitted a new claim from the claim presented in the original claim form along with the fee waiver. (RJN, Ex. A at 6-7 and 16-17.) Further, Plaintiff did not obtain leave to submit a late claim. (Id. at 6-13.)

The Government Claims Board interpreted Plaintiff's September 11, 2018, filing as a supplement or amendment to his original claim number 17010061. (RJN, Ex. A at 6-15.) On October 18, 2018, the California Government Claims Board denied Plaintiff's late application because he failed to meet the requirements of California Government Code section 911.6. (RJN, Ex. A at 3.) In the denial latter, Plaintiff was informed that if he wished to pursue the matter, he had to file a petition

in court for relief under the requirements of California Government Code section 945.6. (Id.) Plaintiff was also notified of the necessary time requirements. (Id.) Plaintiff was specifically advised that if he wishes "to file a court action in this matter, [he] must first petition the appropriate court for an order relieving [him] from the provisions of Government Code 945.4 (claims presentation requirement)." (Id.) Plaintiff did not obtain such an order prior to filing the instant action.

Here, it is clear that Plaintiff was instructed to submit his trust account information and the fee waiver in order to proceed with the Government Claim. In his second amended complaint, Plaintiff claims that was denied the ability to submit the documentation because he was restricted from the law library for 120 days. However, Plaintiff could have filed a written request to obtain a copy of his trust account statement. In lieu of taking some action, Plaintiff waited nearly a year and then submitted a revised claim with his trust account statement and the fee waiver. Plaintiff did not include an order granting him leave to present a late claim. Therefore, Plaintiff failed to submit a completed claim within six months of the alleged event.

Even if the Board had treated the supplemental claim as a separate claim, Plaintiff still did not timely comply with the procedural requirements. First, the claim was submitted well after the six-month deadline from the September 25, 2017 alleged incident, in which to submit a claim. Second, Plaintiff submitted the claim *after* he filed the instant action. Plaintiff filed the instant action on December 19, 2017, and he submitted the second, or supplemental claim, on September 11, 2018. The Board denied the claim as untimely on October 18, 2018. Submitting an untimely claim to the Government Claims Program which is rejected because it is untimely, does not properly exhaust the government claims procedures. Cal. Gov. Code § 950.6. Furthermore, Plaintiff's original claim did not indicate that he was having an issue obtaining the necessary fee waiver documents to submit concurrently with his claim.

To the extent Plaintiff seeks leave from this Court for filing a late government claim form, this is not a proper forum for such request. California Government Code section 946.6 permits a plaintiff to petition for relief from claim presentation. A federal court, however, is not the proper forum for such a petition. See Hernandez v. McClanahan, 996 F. Supp. 975, 978 (N.D. Cal. 1998) (This court is not the "proper court" to hear Hernandez's section 946.6 petition); accord Oliver v. Ybarra, Case No.

1:15-cv-00723-LJO-GSA-PC, 2015 WL 2381349, at *3 (E.D. Cal. May 18, 2015); report and recommendation adopted, 2015 WL 4112310 (E.D. Cal. July 8, 2015) (Because this Court does not have authority to grant relief under § 946(a), any argument regarding excusable neglect is unavailing). Accordingly, Defendant Randolph's motion to dismiss Plaintiff's California Bane Act claim should be granted.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Randolph's motion to dismiss Plaintiff's California Bane Act claim for failure to comply with the California Government Claims Act be granted; and

2. Plaintiff's claim under the California Bane Act be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2018**

UNITED STATES MAGISTRATE JUDGE