# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.<br><br>Plaintiff,<br><br>v.<br><br>D. DAVEY, et al.,<br><br>Defendants. | Case No.: 1:17-cv-01706-DAD-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>[ECF No. 35] |

Plaintiff Christopher Lipsey, Jr. is appearing pro se and in form pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for judicial notice, filed January 11, 2019.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendant A. Randolph for retaliation in violation of the First Amendment.

On October 19, 2018, Defendant filed a motion to dismiss Plaintiff's claim under the California Bane Act claim.

On November 28, 2018, the undersigned issued Findings and Recommendations recommending that Defendant's motion to dismiss be granted. (ECF No. 32.) Plaintiff filed objections on December 17, 2018, and Defendant filed a response on December 28, 2018.

On April 4, 2019, the Findings and Recommendations were adopted in full, and Defendant's motion to dismiss the California Bane Act claim for failure to comply with the California Government Claims Act was granted. Defendant was directed to file an answer to the complaint within twenty days. (ECF No. 40.)

As previously stated, on January 11, 2019, Plaintiff filed a request for judicia notice. Defendant filed an opposition on January 24, 2019, and Plaintiff filed a reply on February 25, 2019. On March 4, 2019, Plaintiff filed a motion for reconsideration, along with a subsequent reply to Defendant's opposition. On March 22, 2019, Defendant filed an opposition to Plaintiff's motion for reconsideration.

## II.

## DISCUSSION

### A. Request for Judicial Notice

In his motion, Plaintiff seeks judicial notice of unidentified documents, to amend his third amended complaint, and to strike Defendant's answer. Plaintiff contends that he submitted his Government Claim to the Board on August 28, 2018, and it was properly considered on October 13, 2018, and the Board's denial on October 18, 2012 is void. Plaintiff also requests to amend the complaint, and that the Court should strike Defendant's answer.

1. Request for Judicial Notice

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802

n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). Plaintiff does not identify or attach any documents of which to take judicial notice. However, to the extent Plaintiff seeks judicial notice of California Government Claim Number 17010061 and the associated documents, the Court already took judicial notice of these documents at Defendant's request. (ECF No. 32 at 3-4.) Accordingly, Plaintiff's request for judicial notice shall be denied.

    2.    Request to Amend

It appears that Plaintiff seeks to amend his complaint to add additional claim to re-allege compliance with the California Government Claims Act.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

///

Defendant opposes Plaintiff's request to amend the complaint because he has already expended resources preparing and filing a motion to dismiss addressing the Bane Act claim and failure to comply with the California Government Claims Act. Defendant submits he incurred great litigation costs in gathering the necessary supporting documents and preparing the motion to dismiss. Therefore, Defendant would be prejudiced at this point if amendment were granted. In addition, amendment appears futile because the Bane Act claim has been dismissed from the action. Furthermore, Plaintiff failed to submit a copy of his proposed fourth amended complaint. <u>See</u> Local Rule 137(c). Accordingly, Plaintiff's motion to amend the complaint shall be denied.

        3.      <u>Request to Strike Defendant's Answer</u>

Lastly, Plaintiff requests that the Court strike Defendant's answer. However, Defendant has not yet filed an answer to the complaint as a motion to dismiss was filed as the initial response. Accordingly, Plaintiff's request is improper and shall be denied.

**B.    Request for Reconsideration**

On March 4, 2019, Plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b) included with a separate motion challenging Defendant's prior motion to dismiss.

Plaintiff's motion for reconsideration shall be denied, without prejudice. Plaintiff's motion for reconsideration was filed prematurely. A motion under Rule 60(b) cannot be filed until after a final judgment or order has been entered. Fed. R. Civ. P. 60(c)(1). At the time Plaintiff filed the instant motion, the Court had not yet entered a final order on the motion to dismiss. Now that Defendant's motion to dismiss has been granted by way of final order on April 4, 2019, Plaintiff may re-file a motion for reconsideration if he wishes to do so. Accordingly, Plaintiff's motion for reconsideration filed on March 4, 2019, shall be denied, without prejudice.

///
///
///
///
///
///

4

## III.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for judicial notice is DENIED; and
2. Plaintiff' request for reconsideration is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 5, 2019**

UNITED STATES MAGISTRATE JUDGE