# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | 1:17-cv-01706-DAD-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT IN PART |
| v. | (ECF No. 56) |
| DAVEY, *et al.*, | ORDER DIRECTING DEFENDANT TO FILE STATUS REPORTS REGARDING FULFILLMENT OF SETTLEMENT AGREEMENT |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |
| | ORDER FOR DEFENDANT TO FILE SUPPLEMENTAL WRITTEN RESPONSE REGARDING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 12, 2019, a settlement conference was held before the undersigned. The terms and conditions of the settlement agreement were placed on the record and the Court retained jurisdiction to enforce the settlement. (ECF No. 49.)

On July 24, 2019, the parties filed a stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (ECF No. 51), and the action was terminated by operation of law, (ECF No. 52).

1

**I.      Motion to Enforce Settlement Agreement**

On March 18, 2019, Plaintiff filed a "Motion for Civil or Economic Penalties/Fines for Breach of Contract/Settlement or Equitable Relief."  (ECF No. 56.)  In the motion, Plaintiff alleged that he had not yet received payment pursuant to the settlement agreement, despite contacting defense counsel, as well as the accounting office for the Department of Justice, at least four times in the prior three months inquiring about payment.  Plaintiff is therefore seeking an order for Defendant to pay Plaintiff the agreed upon amount, as well as additional relief such as default judgment and/or additional monetary sanctions.  (Id.)

The Court construed the motion as a motion to enforce the settlement agreement, and ordered Defendant Randolph to file a response to the motion within twenty-one days and Plaintiff to file a reply within seven days after the response was filed.  (ECF No. 57.)  Defendant Randolph filed a response, supported by a declaration of counsel, on April 8, 2020.  (ECF No. 58.)  Despite being provided with an opportunity to file a reply, Plaintiff has failed to file anything further regarding his motion, and the deadline to do so has expired.  The motion is deemed submitted.  Local Rule 230(l).

According to the terms of the settlement agreement as placed on the record, Defendant was to provide Plaintiff $2,000.00, a thirteen-inch television, and a box of miscellaneous property worth at least $200.00 but not more than $250.00, and the parties were to file a joint stipulation of voluntary dismissal of this action.  (ECF No. 56, p. 7; ECF No. 58-1, ¶ 3.)  CDCR was to provide payment of the $2,000.00 within 180 days of the settlement agreement, which was July 12, 2019.  (Id.)  As noted above, the stipulation was filed on July 24, 2019.  (ECF No. 51.)  Defense counsel worked diligently to secure and ensure delivery of the television and miscellaneous property items, which Plaintiff confirmed that he received on or about July 21, 2019.  (See ECF No. 55; ECF No. 58-1, ¶ 3.)

However, defense counsel states that during this process, he inadvertently neglected to properly process and send the settlement paperwork to CDCR for payment of $2,000.00.  (ECF No. 58-1, ¶ 4.)  Although Plaintiff sent written correspondence to defense counsel in November and December 2019—prior to the expiration of the 180 day period for payment—indicating that

1  he had not yet received the $2,000.00, Counsel believed that he had processed and sent the

2  appropriate settlement documents to CDCR at the same time that he secured delivery of the

3  property items.  (See id. ¶ 4.)  Therefore, counsel did not investigate the matter until Plaintiff filed

4  the instant motion to enforce the settlement agreement on March 18, 2020.  (Id.)  Upon

5  discovering the error, counsel states that he promptly forwarded the settlement documents to

6  CDCR and requested that all efforts be made to pay Plaintiff as expeditiously as possible.  (Id.)

7        Pursuant to the declaration of counsel, Defendant argues that counsel attempted in good

8  faith to secure the full settlement payment to Plaintiff, and it was not counsel's intent to delay the

9  settlement.  Defendant further argues that the settlement agreement and release indicates that

10  Defendant shall make a good faith effort to secure payment to Plaintiff within 180 days.  (ECF

11  No. 56, p. 8.)  As defense counsel has now requested that CDCR process the settlement payment

12  as expeditiously as possible, Defendant requests that the Court allow additional time to complete

13  payment to Plaintiff.  With respect to Plaintiff's request for issuance of sanctions, Defendant

14  merely requests that the Court allow for additional time to issue payment in light of defense

15  counsel's mistake and error.  Defendant argues that there are no facts present that would permit

16  Plaintiff to withdraw from the settlement agreement, and in terms of enforcement again asks for

17  additional time to complete payment.  (Id.)

18  **II.    Discussion**

19        **A.    Jurisdiction to Enforce the Settlement Agreement**

20        Federal courts do not have inherent power to enforce settlement agreements entered into

21  by the parties.  K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014).  Generally,

22  when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute

23  arising under the settlement agreement is a separate contract dispute that requires its own

24  independent basis for jurisdiction.  Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016).

25  However, courts do have the authority to enforce a settlement agreement while the litigation is

26  still pending or when the settlement agreement is referenced in the dismissal order or the court

27  has retained jurisdiction to enforce the agreement.  In re City Equities Anaheim, Ltd., 22 F.3d

28  954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085.

1    Here, the terms and existence of the settlement agreement between the parties are in the

2    record and are therefore clear.  Further, the Court specifically retained jurisdiction to enforce the

3    settlement agreement.  (ECF No. 49.)  Therefore, the Court concludes that it has authority to

4    enforce the settlement agreement in this action.

5    **B.    Enforcement of the Settlement Agreement**

6    The Court next considers whether it should exercise the authority to enforce the settlement

7    agreement or whether circumstances exist to make enforcement of the settlement agreement

8    improper.

9    Neither party contests that a settlement agreement was reached on July 12, 2019, or that

10   the terms agreed upon included payment of $2,000.00 to Plaintiff within 180 days of when the

11   settlement was completed, which was July 12, 2019.  As such, the $2,000.00 payment was due to

12   Plaintiff on or before January 8, 2020.  The parties again are in agreement that such payment was

13   not made, and as of the date Defendant's response to the motion was filed, had not yet been made.

14   Defendant's sole explanation for the failure to provide payment pursuant to the settlement

15   agreement is defense counsel's mistaken belief that he had processed the appropriate documents

16   in a timely manner.

17   It is undisputed that Plaintiff fulfilled his obligations with respect to the settlement

18   agreement when he signed the required paperwork at the settlement conference, and the required

19   dispositional documents were filed on July 24, 2019.  (ECF No. 51.)  However, Defendant has

20   failed to pay the agreed upon amount, due to the negligence of counsel.  The Court can find no

21   justification for Defendant's failure to comply with the terms of the settlement agreement, which

22   provide in relevant part:

23   CDCR will make a good-faith effort to pay the settlement amount (minus any
     restitution amounts, liens and fees) within 180 days from the date Plaintiff
24   delivers to Defendants a signed settlement agreement, a notice of voluntary
     dismissal with prejudice, a request for dismissal with prejudice, and the required
25   Payee Data Forms.  Plaintiff understands that payment may be delayed by the lack
     of a State budget, a funding shortfall despite a State budget, the processing efforts
26   of the State Controller's Office, and other events not attributable to Defendants or
     CDCR.
27

28

4

(ECF No. 56, p. 8.)  Defendant has not argued that the delay in payment here is a result of any of the reasons specified in the settlement agreement.  Furthermore, based on the record before it, the Court cannot find that there was a "good-faith effort" on the part of Defendant to comply with the settlement terms.  Though defense counsel states that Defendant's failure to comply was due to an inadvertent mistake, counsel's negligence does not justify what would amount to a modification of the terms of the settlement agreement by unilaterally extending the time for Defendant to complete payment.

Accordingly, the Court finds that Plaintiff's motion to enforce the settlement agreement is granted.  In addition, Defendant shall file regular status reports with the Court until the payment has been processed according to the terms of the settlement agreement.

**III.    Plaintiff's Request for Sanctions for Breach of Contract**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); accord Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).

In addition, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."  O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (citations omitted).  Therefore, in the instant action, California law will apply.  "Under California law, settlement agreements are governed by general principles of contract law."  Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).

Pursuant to the Court's March 19, 2020 order requiring Defendant to file a response to Plaintiff's motion, Defendant filed a response primarily addressing Plaintiff's argument regarding enforcement of the settlement agreement.  However, in light of the Court's decision as set forth above, the Court finds it appropriate for Defendant to file a supplemental response more fully addressing the arguments raised in Plaintiff's motion regarding whether Defendant's failure to timely complete payment should be considered a breach of contract, and if so, whether sanctions or other damages are appropriate or warranted.  Plaintiff will be permitted an opportunity to file a reply, if he wishes to do so.

///

5

**IV.      Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for enforcement of the settlement agreement, (ECF No. 56), is GRANTED IN PART, as set forth above;

2. Defendant shall complete payment to Plaintiff in accordance with the terms of the July 12, 2019 settlement agreement;

3. Defendant shall file a status report regarding the processing of payment pursuant to the settlement agreement, **fourteen (14) days** from the date of service of this order, and every fourteen (14) days thereafter until payment is complete;

4. Defendant shall file a response to Plaintiff's motion, (ECF No. 56), within **twenty-one (21) days** from the date of service of this order, addressing the issues specified above; and

5. Plaintiff reply, if any, shall be filed within **seven (7) days** from the date of service of Defendant's response.

IT IS SO ORDERED.

Dated:   **April 30, 2020**                     /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

6