1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | Case No.  1:17-cv-01706-DAD-SAB (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | |
| DAVEY, *et al.*, | (ECF No. 60) |
| Defendants. | |

Plaintiff Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 12, 2019, a settlement conference was held before the undersigned.  The terms and conditions of the settlement agreement were placed on the record and the Court retained jurisdiction to enforce the settlement.  (ECF No. 49.)  On July 24, 2019, the parties filed a stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (ECF No. 51), and the action was terminated by operation of law, (ECF No. 52).

On March 18, 2019, Plaintiff filed a "Motion for Civil or Economic Penalties/Fines for Breach of Contract/Settlement or Equitable Relief."  (ECF No. 56.)  The Court construed the motion as a motion to enforce the settlement agreement, and ordered Defendant Randolph to file a response to the motion within twenty-one days and Plaintiff to file a reply within seven days after Defendant Randolph's response.  (ECF No. 57.)  Defendant's response was filed on April 8,

2020.  (ECF No. 58.)  After expiration of the deadline for the filing of Plaintiff's reply, on April 30, 2020 the Court issued an order granting Plaintiff's motion in part and ordering Defendant to: (1) complete payment to Plaintiff in accordance with the terms of the settlement agreement; (2) file status reports every fourteen days until payment is complete; and (3) file a supplemental response to Plaintiff's motion addressing arguments related to whether Defendant's failure to timely complete payment should be considered a breach of contract, and if so, whether sanctions or other damages are appropriate or warranted.  Plaintiff is permitted to file a reply to Defendant's supplemental response.  (ECF No. 59.)

On the same date that the Court's order issued, Plaintiff's reply to Defendant's original response was docketed.  (ECF No. 60.)  As the proof of service is dated April 19, 2020, it appears Plaintiff's response was timely filed but crossed in the mail with the Court's order.  (Id. at 6.) Having reviewed the reply, the Court finds that the arguments raised do not materially alter the Court's analysis as set forth in the April 30, 2020 order.  To the extent Plaintiff requests that the Court continue this matter so Plaintiff may submit an amended motion for breach of contract, the Court finds that the supplemental briefing schedule in place will permit Plaintiff ample opportunity to raise any additional arguments not already raised in the existing briefs.

Accordingly, the Court's April 30, 2020 order granting Plaintiff's motion to enforce the settlement agreement in part and the deadlines set forth therein, (ECF No. 59), shall remain in effect.  Defendant may respond to Plaintiff's arguments raised in the April 30, 2020 reply in the supplemental response, as necessary.

IT IS SO ORDERED.

Dated:   __May 1, 2020__                    ____ /s/ Barbara A. McAuliffe ____
                                        UNITED STATES MAGISTRATE JUDGE

2