1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | 1:17-cv-01706-DAD-SAB (PC) |
| Plaintiff, | ORDER DISCHARGING JULY 16, 2020 ORDER TO SHOW CAUSE (ECF No. 75) |
| v. | |
| DAVEY, *et al.*, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF AND ENFORCEMENT OF SETTLEMENT AGREEMENT (ECF Nos. 65, 68, 78) |
| Defendants. | |
| | ORDER DENYING RULE 60(b) MOTION AND SUPPLEMENTAL RULE 60(b) MOTION (ECF Nos. 73, 74) |

## I.    Procedural History

Plaintiff Christopher Lipsey, Jr. ("Plaintiff") is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 12, 2019, a settlement conference was held before the undersigned.  The terms and conditions of the settlement agreement were placed on the record and the Court retained jurisdiction to enforce the settlement.  (ECF No. 49.)  According to the terms of the settlement agreement as placed on the record, Defendant was to provide Plaintiff $2,000.00, a thirteen-inch television, and a box of miscellaneous property worth at least $200.00 but not more than $250.00, and the parties were to file a joint stipulation of voluntary dismissal of this action.  (ECF No. 56, p. 7; ECF No. 58-1, ¶ 3.)  CDCR was to provide payment of the $2,000.00 within 180 days of the settlement agreement, which was July 12, 2019.  (Id.)

1

On July 24, 2019, the parties filed a stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (ECF No. 51), and the action was terminated by operation of law, (ECF No. 52).

On March 18, 2020, Plaintiff filed a "Motion for Civil or Economic Penalties/Fines for Breach of Contract/Settlement or Equitable Relief."  (ECF No. 56.)  In the motion, Plaintiff alleged that he had not yet received payment pursuant to the settlement agreement, despite contacting defense counsel, as well as the accounting office for the Department of Justice, at least four times in the prior three months inquiring about payment.  Plaintiff requested an order for Defendant to pay Plaintiff the agreed upon amount, as well as additional relief such as default judgment and/or additional monetary sanctions.  (Id.)

The Court construed the motion as a motion to enforce the settlement agreement and ordered Defendant Randolph to file a response to the motion.  (ECF No. 57.)  Defendant Randolph filed a response, supported by a declaration of counsel, on April 8, 2020.  (ECF No. 58.)  Defense counsel stated that during the process of securing the property pursuant to the settlement agreement, he inadvertently neglected to properly process and send the settlement paperwork to CDCR for payment of $2,000.00.  (ECF No. 58-1, ¶ 4.)  Defendant requested additional time to complete payment and argued that sanctions were not warranted.  (ECF No. 56.)  Plaintiff did not file a reply.

On April 30, 2020, the Court granted Plaintiff's motion to enforce the settlement agreement in part, and ordered Defendant Randolph to complete payment to Plaintiff in accordance with the terms of the settlement agreement and to file status reports every fourteen days regarding the processing of the payment until payment was complete.  (ECF No. 59.)  The Court also ordered Defendant to file a supplemental response more fully addressing the issues of a potential breach of contract, sanctions, and damages as raised in Plaintiff's original motion.  (Id.)  Defendant filed the requested supplement on May 21, 2020.  (ECF No. 63.)

Pursuant to the Court's April 30, 2020 order, Defendant also filed status reports on May 14, May 28, June 11, and June 25.  (ECF Nos. 62, 64, 67, 70.)  Plaintiff has also since filed various motions regarding the settlement agreement, enforcement of its terms, and other issues.

2

1   (ECF Nos. 65, 68, 73, 74.)

2          On July 16, 2020, the Court issued an order directing Defendant to show cause by written

3   response regarding Defendant's failure to file a status report on July 9, including an explanation

4   why defense counsel did not feel the need to comply with the Court's April 30, 2020 order.  (ECF

5   No. 75.)  The Court also provided Defendant the opportunity to file responses to any of the

6   substantive or factual arguments raised in Plaintiff's subsequent motions.  (Id.)

7          Defendant filed a status report and a response to the order to show cause on July 16, 2020,

8   after the Court's order was docketed.  (ECF Nos. 76, 77.)

9          On July 20, 2020, Plaintiff filed a further motion requesting an order regarding his prior

10  motions.  (ECF No. 78.)  On July 23, 2020, Defendant filed an opposition to Plaintiff's prior

11  motions, with the exception of Plaintiff's July 20 motion.  (ECF No. 79.)  The Court finds that

12  further briefing of these issues is unnecessary, and Plaintiff's motions are deemed submitted.

13  Local Rule 230(l).

14  **II.      Discussion**

15          **A.      Jurisdiction to Enforce the Settlement Agreement**

16          Federal courts do not have inherent power to enforce settlement agreements entered into

17  by the parties.  K.C. *ex rel.* Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014).  Generally,

18  when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute

19  arising under the settlement agreement is a separate contract dispute that requires its own

20  independent basis for jurisdiction.  Kelly v. Wengler, 822 F.2d 1085, 1094 (9th Cir. 2016).

21  However, courts do have the authority to enforce a settlement agreement while the litigation is

22  still pending or when the settlement agreement is referenced in the dismissal order or the court

23  has retained jurisdiction to enforce the agreement.  In re City Equities Anaheim, Ltd., 22 F.3d

24  954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085.

25          Here, the terms and existence of the settlement agreement between the parties were set

26  forth on the record, and the Court specifically retained jurisdiction to enforce the settlement

27  agreement on the record.  (ECF No. 49.)  However, those provisions were not included in the

28  parties' stipulation for dismissal or the Court's dismissal order.  (See ECF Nos. 51, 52.)

3

1    As Defendant argued in the supplemental response to Plaintiff's motion to enforce the

2    settlement agreement, the Supreme Court has held that dismissal of a federal suit pursuant to

3    Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as occurred in this case, divests the court of

4    jurisdiction over a state law breach of contract action.  Kokkonen v. Guardian Life Ins. Co. of

5    America, 511 U.S. 375, 380–82 (1994).  Kokkonen further held that absent the court embodying

6    the settlement contract or retaining jurisdiction over the settlement contract *in the dismissal order*,

7    enforcement of the settlement agreement is for state courts.  Id. at 381–82.

8    As the Court finds no independent basis for federal jurisdiction over Plaintiff's breach of

9    contract claims or requests for sanctions in this action, the Court concludes that it does not have

10   jurisdiction to enforce the settlement agreement.  This is so even where, as here, the Court

11   previously stated its intention to retain jurisdiction and was aware of the terms of the settlement

12   agreement.  Id. at 381 ("The judge's mere awareness and approval of the terms of the settlement

13   agreement do not suffice to make them part of his order.").

14   **B.      Plaintiff's Requests for Relief**

15   Plaintiff has filed a number of motions requesting various types of relief as a result of

16   Defendant's failure to pay Plaintiff pursuant to the terms of the settlement agreement.  At this

17   time, both parties have confirmed that the settlement funds were deposited to Plaintiff's inmate

18   trust account on either July 1, 2020 or June 17, 2020.  (See ECF Nos 74, p. 8; ECF No. 76, p. 2.)

19   As such, Plaintiff's claims regarding Defendant's failure to pay any of the settlement amount are

20   now moot.  The Court will attempt to summarize Plaintiff's remaining requests below.

21   Plaintiff initially stated that he had received the negotiated property portion of the

22   settlement—a thirteen-inch television, and a box of miscellaneous property worth at least $200.00

23   but not more than $250.00—following the settlement conference.  (ECF No. 60, p. 1

24   ("Defendant's counsel did diligent ensure Plaintiff promptly received the TV and donated

25   items."))  However, in subsequent motions, Plaintiff alleges that while he did receive the

26   television, he never took actual possession of the remaining property, and at some point during

27   his transfer to Kern Valley State Prison, the property was lost.  (ECF Nos. 65, 69, 73.)  Plaintiff

28   has provided exhibits to support his assertion that he has attempted to recover the property

1   through the administrative grievance process, but has not yet been successful.  (ECF Nos. 65, 69.)

2   Therefore, Plaintiff requests that Defendant ensure the property is located and delivered directly

3   to Plaintiff, or that some property of equivalent value is transferred to Plaintiff's possession

4   instead.

5        Plaintiff further seeks relief under breach of contract due to the delay in payment of the

6   monetary portion of the settlement.  Plaintiff argues that defense counsel's honest mistake does

7   not forbid Plaintiff seeking relief under breach of contract, and raises various policy arguments in

8   support of a Court order enforcing the settlement agreement and/or imposing sanctions on defense

9   counsel for the mistake.  (ECF No. 60, 65.)  Plaintiff also raises arguments regarding the

10  deduction of obligations from the settlement funds once they were released to his account.

11  Specifically, Plaintiff argues that a restitution fine that was imposed *after* the deadline for

12  payment of the settlement funds should not have been deducted, and that his outstanding filing

13  fee obligations under the PLRA should not have been deducted before the funds were deposited

14  to his inmate trust account.  (ECF No. 74.)

15       Plaintiff also argues that because Defendant did not oppose some of his various motions,

16  in particular the "Demand Payment Request" filed on June 17, 2020 which purported to set a 72-

17  hour deadline for payment of the settlement funds, the Court should find that all of the

18  unanswered motions are unopposed and grant the requested relief accordingly.  (ECF No. 78.)

19  Plaintiff contends in support that he has tried diligently to resolve the breach of contract claims

20  raised in these motions by proposing new settlement terms and amounts he would find acceptable,

21  but has received no substantive response from Defendant.  (Id.)

22       Finally, Plaintiff requests relief pursuant to Federal Rule of Civil Procedure 60(b), arguing

23  that while he fulfilled his obligations under the settlement agreement, Defendant failed to timely

24  send the agreed-upon payment and property.  Plaintiff therefore argues that Defendant's non-

25  compliance with the essential terms of the settlement agreement should result in the Court

26  granting him relief from the voluntary dismissal of this action.  (ECF No. 73.)

27       In opposition, Defendant argues that relief pursuant to Rule 60(b)(b) can only be justified

28  by a repudiation that amounts to a complete frustration of the settlement agreement.  (ECF No.

1    79.)  Defendant further contends that a mere delay in payment does not amount to repudiation,

2    Plaintiff was timely provided with the property portion of the settlement, and Plaintiff's

3    restitution and PLRA obligations were correctly calculated and deducted from the settlement

4    payment.  Finally, Defendant argues that a voluntary dismissal does not constitute a "final

5    judgment, order, or proceeding," and therefore Rule 60(b) is inapplicable.  (Id.)

6                        1.    Breach of Contract Claims

7          As discussed above, the Court lacks jurisdiction over any breach of contract claims

8    Plaintiff may raise in connection with enforcement of the settlement agreement in this action.  See

9    Kokkonen, 511 U.S. at 380–82.  Accordingly, Plaintiff's claims regarding any damages,

10   monetary or otherwise, that he suffered as a result of the delayed payment of funds, the alleged

11   missing box of property, or any alleged miscalculation of restitution or PLRA obligations, are not

12   properly raised before the Court.  As this Court cannot address any potential breach of contract

13   issues or the damages Plaintiff claims to have suffered, Plaintiff's remedy lies in state court.

14                       2.    Sanctions

15         Sanctions are warranted in cases where "[t]he totality of the sanctioned conduct visits an

16   unendurable burden on the justice system in the name of misguided advocacy."  Moser v. Bret

17   Harte Union High Sch. Dist., 366 F. Supp. 2d 944, 988 (E.D. Cal. 2005) (imposing sanctions on

18   conduct "implicat[ing] unacceptable written advocacy and obstruction which violate[] rules of

19   court and professional conduct, forcing an opposing party and the court to spend in ordinate time

20   addressing such issues" in pleadings, briefings, and written orders).  Federal district courts

21   possess the inherent power to sanction bad-faith conduct in litigation when that conduct falls

22   outside the scope of Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.  Chambers v.

23   NASCO, Inc., 501 U.S. 32 (1991); see also In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir.

24   1996) (extending same power to Article I courts, whose power are derived wholly from statute).

25   However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and

26   discretion."  Chambers, 501 U.S. at 44 (citations omitted).  Courts may not invoke these powers

27   without a "specific finding of bad faith."  U.S. v. Stoneberger, 805 F.2d 1391, 1393 (9th Cir.

28   1986) (citation omitted).

A finding of bad faith is unwarranted, however, where counsel, "apparently unwilling to follow the Federal Rules of Evidence and Civil Procedure, has not attempted to deceive the Court and has not been duplicitous or dishonest." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1099 (E.D. Cal. 2011) (counsel could not be denied attorneys' fees if his conduct, even while erroneous, did not arise to the level of "bad faith"). Even where counsel repeatedly errs—even after admonition to abide by the Rules—such conduct as a "vigorous advocate" still "does not raise to the level of intentional bad faith misconduct." Id.

Plaintiff has requested sanctions against defense counsel due to counsel's failure to submit the paperwork necessary to process the settlement payment, and due to counsel's failure to correct this oversight even after Plaintiff's repeated attempts to communicate that he had not yet received payment. Plaintiff requests that defense counsel be reprimanded formally for incompetence. (ECF No. 65, p. 6.)

Plaintiff has not presented evidence that defense counsel misrepresented or otherwise attempted to deceive the Court or refused to comply with a Court order. Defense counsel's conduct following the settlement conference in this case has demonstrated, at most, repeated but unintentional negligence. As the Court cannot make a specific finding of bad faith conduct, sanctions against defense counsel are unwarranted here. Roadway Express, 447 U.S. 752, 767 (1980).

### 3. Relief from a Judgment or Order Pursuant to Rule 60(b)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Plaintiff argues that relief is warranted under Rule 60(b)(1), due to defense counsel's inadvertent mistake and Plaintiff's surprise at the mistake. (ECF No. 73.) Plaintiff also argues that the judgment has been discharged pursuant to Rule 60(b)(5) due to Defendant's non-

compliance with the terms of the settlement.  The Court does not find that either of these sections support the relief requested.

"In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal." Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991).  As discussed at length above, Plaintiff has now received payment under the settlement agreement, albeit delayed, and the Court cannot make a finding that the delay was a result of bad faith on the part of Defendant or defense counsel.[1]  Similarly, the Court does not find that an "extraordinary circumstances" exist here that would justify the reopening of a settled case due to any purported repudiation.  Kelling, F.2d at 410.  As such, even if Plaintiff believes he can demonstrate repudiation of the settlement agreement, such argument is properly raised in an action for enforcement of the contract under state law, not in a motion to reopen this case.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1.  The July 16, 2020 order to show cause, (ECF No. 75) is DISCHARGED;

2.  Plaintiff's motions for enforcement of the settlement agreement, (ECF No. 65

3.  Plaintiff's motion for relief and enforcement of the settlement agreement, (ECF Nos. 65, 68, 78), are DENIED;

4.  Plaintiff's motions for relief pursuant to Federal Rule of Civil Procedure 60(b), (ECF Nos. 73, 74), are DENIED; and

5.  This action remains closed.

IT IS SO ORDERED.

Dated:   **July 31, 2020**                          /s/ Barbara A. McAuliffe
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Nonetheless, the Court cautions counsel to be more attentive to his cases and responsive to correcting errors in the future.  Counsel's actions herein have multiplied the proceedings in this case unnecessarily and caused a burden on already stretched judicial resources.

8